# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA
# READING DIVISION

| | |
|---|---|
| In re:<br><br>**STANLEY MARCINKOWSKI,**<br><br>Debtor | **Chapter 13 Bankruptcy**<br><br>**Bankruptcy No. 15-18814 REF** |

### RESPONSE TO DEBTOR'S RESPONSE TO TRUSTEE'S MOTION TO DISMISS

George M. Lutz, Esquire and Hartman, Valeriano, Magovern & Lutz, P.C., hereby file this Response to the Debtor's Response to the Trustee's Motion to Dismiss, and in support thereof set forth as follows:

## BACKGROUND

On June 23, 2016, the Chapter 13 Trustee filed a Motion to Dismiss the instant case because the Chapter 13 Plan payments were not being made, and because the Chapter 13 Plan was not feasible.

On July 5, 2016, the Debtor filed a document, dated June 27, 2016, setting forth various complaints regarding counsel's representation of the Debtor in this bankruptcy proceeding. This document has been docketed as a Response to the Trustee's Motion to Dismiss. Although there is no procedural requirement to respond to the Debtor's filing, counsel feels compelled to do so, given the allegations set forth therein.

## COUNSEL'S RESPONSES

1. The Debtor has alleged that counsel failed to forward correspondence from Nationstar Mortgage.

Counsel's Response

Counsel did forward the correspondence from Nationstar Mortgage. Counsel and counsel's assistant, Alyssa J. Merkey, keep detailed notes regarding their clients. The notes are entered contemporaneously with events as they occur in the representation of the Debtor.

The following is a true and correct copy of the text of the file note entered by Alyssa J. Merkey on March 4, 2016:

**Friday, March 04, 2016**

  **On this date,** we received standard "dedicated loan specialist" correspondence from Nationstar Mortgage that I forwarded to the client via regular mail. I put a copy in the file.

  In addition, at the Debtor's request, counsel has authorized Nationstar Mortgage to communicate directly with the Debtor regarding loan modification issues. The following is a true and correct copy (with the exception of the underlines) of the text of the file note entered by Alyssa J. Merkey on March 8, 2016:

**Tuesday, March 08, 2016**

  **On this date,** Alyssa prepared and sent the following after client dropped by today and wrote me a note asking me to do so.

### FACSIMILE TRANSMISSION

| | | | |
|---|---|---|---|
| **To:** | Nationstar Mortgage | **Fax:** | 214-488-1993 |
| | Attention Bankruptcy Department | | |
| **From:** | George M. Lutz, Esquire | | |
| **File:** | Stanley Marcinkowski/Chapter 13/Case No.: 15-18814 REF | | |
| **Loan No.:** | **05964195663** | | |
| **Date:** | Tuesday, March 08, 2016 | | |

_____

  Please be advised that this firm represents Stanley Marcinkowski. Stanley Marcinkowski filed for bankruptcy protection on December 10, 2015. The pertinent information is as follows:

  **Name of Debtor:**  Stanley Marcinkowski

  **Date of Filing:**  December 10, 2015

  **Chapter:**  13

  **Case No.:**  15-18814 REF

  **District:**  Eastern District of Pennsylvania

*Attached please find the court-generated Notice of the Bankruptcy Filing.*

  <u>In addition, please allow this fax to serve as consent that Nationstar Mortgage, its agents and/or employees have my permission to discuss the mortgage loan and loan modification/work out options directly with the Debtor, Stanley Marcinkowski.</u> Kindly resume their monthly mortgage statements for mortgage loan number: 05964195663.

> Please contact me with any questions or concerns in this regard.
>
> George M. Lutz, Esquire

(Underlines supplied.)

2.The Debtor has alleged that counsel did not inform the Debtor that a security deposit would be requested by Met-Ed.

Counsel's Response

Counsel supplies various disclosures and explanations to all prospective clients, and did supply them to the Debtor, prior to counsel's representation of the Debtor. The disclosures and explanations include the following language:

> 22.Utility debts (i.e., the amount you are behind on a utility bill) should be listed in your bankruptcy. The amount by which you are behind to a utility will be discharged by your bankruptcy. However, the utility is allowed to require that you pay a security deposit so that it does not suffer a loss going forward. You will probably be notified of the requirement of a security deposit by mail, so make sure that you open any mail received from your utility companies promptly. The security deposit must be paid by the date in that correspondence, and if you cannot pay it, the utility has the right to discontinue service without further notice. So, if you cannot pay the security deposit promptly, please contact me or Alyssa immediately to discuss your options.

In addition, the following is a true and correct copy of the text of the file note entered by Alyssa J. Merkey on February 10, 2016:

> **Wednesday, February 10, 2016**
>
> **On this date,** Alyssa spoke with Stanley, who called to tell me that he received the security deposits from Met Ed for his bills. I questioned why 2 bills? It is "zoned" as a multifamily dwelling, so that makes sense. His mother and cousin live there??? He received the security deposit requests which total approx. $300.00. I told him to contact Met Ed to set up payment arrangements. He wanted to know why his bill was estimated this month and is more than "16x" greater than the last bill. I told him that he must contact Met Ed.

3.The Debtor has alleged that counsel forgot his file "at the bankruptcy trustee hearing."

Counsel's Response

The Debtor is correct. As a result of counsel's error, counsel neglected to bring the Debtor's file

to the Meeting of Creditors. Counsel apologized to the Debtor and told the Debtor that the Meeting of Creditors would be rescheduled.

    4.     The Debtor has alleged that Counsel did not explain the required Plan funding to the Debtor.

Counsel's Response

Counsel is uncertain what the Debtor is referring to in this allegation. The Debtor may be inquiring as to the difference between his default with respect to the mortgage payments, and the total Plan funding. Counsel has explained to the Debtor, on several occasions, that Plan funding includes the following components:

    a.   The Chapter 13 Trustee's commission.

    b.   A reserve for Debtor's counsel's legal fees.

    c.   An estimate made by counsel, based on the information provided to counsel by the Debtor, of the legal fees and costs that would be claimed by Nationstar Mortgage in its Proof of Claim. This estimate is based on several factors, including the length of the mortgage default (22 months in the instant case), and the procedural steps taken by the mortgage holder in response to that default.

Counsel points out that his estimate of the above items has turned out be very accurate, and those items are adequately funded by the Chapter 13 Plan. The Debtor was aware of the required Plan funding, which resulted in $550.00 per month Plan payments, before the bankruptcy was filed.

    5.     The Debtor has alleged the counsel failed to inform the Debtor of an increase in the Debtor's mortgage payments.

Counsel's Response

Counsel is not aware of any change in the Debtor's mortgage payments. Nationstar Mortgage has not filed a Rule 3002.1 Notice of Mortgage Payment Change in this proceeding. See counsel's response to allegation No. 6, below.

    6.     Debtor has stated that he has received a payment book showing mortgage payments of $801.90.

Counsel's Response

No response is necessary, but counsel points out that receipt of the payment book, reflecting mortgage payments of $801.90, contradicts the allegation made by the Debtor in No. 5 above.

    7.     The Debtor has alleged that counsel informed the Debtor the his mortgage payment would not change.

Counsel's Response

Counsel informs all of his bankruptcy clients, and informed the Debtor, that mortgage payments can change postpetition only as a result of the contractual obligations between the Debtor and his mortgage holder, and not as a result of the bankruptcy filing. If there is a contractually permitted change in the mortgage payments, the bankruptcy does not affect that change (provided that the basis for the change is not the bankruptcy filing itself). Counsel informed the Debtor that if, absent a bankruptcy, the mortgage payment would increase (perhaps as a result of a variable interest rate, a postpetition late charge, or a change in the escrow amounts), then it could increase postpetition. Based on the Debtor's allegation set forth in No. 6 above, it appears that no such increase has occurred.

8. The Debtor has alleged that counsel threatened to "quit" if Debtor contacted Nationstar Mortgage's attorney directly.

Counsel's Response

The Debtor's allegation is accurate. Debtor requested that counsel supply Debtor with the contact information for Kevin Frankel, Esquire, who represents Nationstar Mortgage in this bankruptcy proceeding. Counsel declined to do so, and informed the Debtor that if he attempted to contact Mr. Frankel directly, counsel would seek to withdraw from representing the Debtor in this bankruptcy proceeding.

9. The Debtor has alleged that counsel told the Debtor that he could be late with his payments to the Chapter 13 Trustee.

Counsel's Response

Counsel explained to the Debtor that under the Bankruptcy Code, the Plan payments are to start 30 days after the Petition Date, and are due on the same date of each month thereafter. However, counsel also informed the Debtor that the Chapter 13 Trustee does not strictly enforce the due date requirement, and that regular monthly payments would be acceptable to the Chapter 13 Trustee, regardless of the date they were received.

The following language is an excerpt from a December 28, 2015 email that counsel sent to the Debtor. The underlined language in the excerpt is in the original:

> Your first Plan payment of $550.00 must be received by the Chapter 13 Trustee within one month of the date of the filing of the bankruptcy. Since the bankruptcy was filed on December 10, 2015, the first Plan payment is due on or before January 10, 2016. Your monthly plan payments will be due by the same date each month thereafter for the term of the Plan. (However, the Trustee will accept payments if they are a little late, so if this payment date falls near another payment that you owe (such as a mortgage), you can delay the payment for 15 days or so to make your monthly cash flow easier.)
>
> Please remember that the amount of the Plan payment is based on the information you provided to me. If that information is accurate, then the Plan payment will be as stated in the Chapter 13 Plan. If not, the Plan payment may change.
>
> Plan payments must be in the form of a certified check or money order, payable to Frederick L.

Document      Page 6 of 6

Reigle, Esquire.  You must also write your docket number (15-18814 REF) on each payment.

The payment should be mailed to:

> Frederick L. Reigle, Esquire
> Chapter 13 Trustee
> P.O. Box 680
> Memphis, TN  38101-0680

10 through 15.  The Debtor's statements in Nos. 10 through 15 of his Response to the Trustee's Motion to Dismiss do not call for a response by counsel

**Dated:  July 7, 2016**

**Respectfully submitted,**

**Hartman, Valeriano, Magovern & Lutz, PC**

**by:**    /s/ George M. Lutz

**George M. Lutz, Esquire**
**1100 Berkshire Boulevard, Suite 301**
**Wyomissing, PA  19610**
**Pa. Attorney ID No.: 46437**
**Attorneys for Debtor**